**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **Douglas Conley,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** 1:20-cv-2744 |
| | ) | |
| **Enhanced Recovery Company, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8.  The Plaintiff resides in this Judicial District.

9.  The Defendant transacts business in this Judicial District.

### Parties

10. The Plaintiff, Douglas Conley, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Enhanced Recovery Company, LLC, a debt collection agency and/or debt purchaser operating from an address at 8014 Bayberry Road, Jacksonville, FL 32256.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

### Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained Ryan S. Wright for legal representation regarding the Plaintiff's debts.

26. Prior to May 28, 2020, the Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed a debt to its client.

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies.  *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

28. On May 28, 2020, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

29. On June 2, 2020, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

30. Upon information and belief, Defendant received the aforementioned letter. The law presumes timely delivery of a properly addressed piece of mail.  Bobbit v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); *see also* Hayes v. Potter, 310 F.3d 979, 982 (7th Cir. 2002) ("We will generally presume timely delivery of properly addressed mail").

31. These letters indicated that Plaintiff disputed the debt that Defendant is attempting to collect.  Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt.  Evans v. Portfolio Recovery Associates, 2018 U.S.App. LEXIS 11372 *14 (7th Cir. 2018); *see also* DeKoven v. Plaza Associates, 599 F.3d 578, 582 (7th Cir. 2010)("[A] consumer can dispute a debt for 'no reason at all . . .").

32. On July 27, 2020, the Plaintiff obtained and reviewed a copy of his TransUnion credit report. *See Exhibit "3" attached hereto*.

33. On July 27, 2020, the Defendant was continuing to report the Plaintiff's debt to it without indicating that the debt was disputed. *See Exhibit "3" attached hereto*.

34. The TransUnion credit report dated July 27, 2020, indicates that it was last reported or verified July of 2020. *See Exhibit "3" attached hereto*.

35. The TransUnion credit report dated July 27, 2020, fails to indicate that the debt was disputed by the consumer. *See Exhibit "3" attached hereto*.

36. By failing to communicate that the debt at issue was disputed, Defendant violated the
FDCPA. Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 *12 – 13
(7th Cir. 2018) ("Despite receiving the Letters, PRA still reported plaintiffs' debts to
credit reporting agencies without noting that the debt amounts were disputed.  This is a
clear violation of the statute"); see also, Sayles v. Advanced Recovery Systems, Inc., 865
F.3d 246 (5th Cir. 2017).

37. The Defendant's violation of the FDCPA is material because Defendant's failure to
update his credit report would make an unsophisticated consumer believe that he did not
have the rights Congress had granted to him under the FDCPA.  This alleged violation of
the FDCPA is sufficient to show an injury-in-fact.  Evans v. Portfolio Recovery Assocs.,
2018 U.S. App. LEXIS 11372, *8-*9 (7th Cir. 2018); See also Sayles, supra, 865 F.3d at
250 (debt collector's violation exposed consumer to "a real risk of financial harm caused
by an inaccurate credit rating").

38. The Defendant's violation of the FDCPA is a material violation of the statute.  Indeed, as
the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit
reporting agency that the debtor disputed his or her debt will always have influence on
the debtor, as this information will be used to determine the debtor's credit score".
Evans, supra, at *20.

39. The Defendant's collection communications are to be interpreted under the
"unsophisticated consumer" standard.  See Gammon vs. GC Services, Ltd. Partnership,
27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 39 of the complaint are realleged and
incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to
a credit reporting agency when it knew the debt was disputed by the consumer. See 15
U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the
failure to communicate that a disputed debt is disputed…"); Evans v. Portfolio Recovery
Assocs., 2018 U.S. App.LEXIS 11372 (7th Cir. 2018); see also Hoffman vs. Partners in
Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. 1993); Brady vs. Credit
Recovery Co., Inc., 160 F.3d 64, 65 (1st Cir. 1998)(Section 1692(e)(8) requires debt
collector who knows, or should know, that a given debt is disputed to disclose its
disputed status.  This standard requires no notification by the consumer, written or oral,
and instead, depends solely on the debt collector's knowledge that a debt is disputed,
regardless of how or when that knowledge is acquired); Finnegan vs. Univ. of Rochester
Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); 1st Nationwide Collection Agency, Inc. v.
Werner, 654 S.E.2d 428 (Ga.Ct.App. 2007); Randall vs. Midland Funding, LLC, 2009
WL 2358350 (D. Neb. 2009); Kinel v. Sherman Acquisition II, L.P., 2007 WL 2049566
(S.D.N.Y. 2007); Acosta v. Campbell, 2006 WL 146208 (M.D. Fla. 2006); see also
Daley vs. A & S Collection Associates, Inc., 717 F.Supp.2d 1150 (D.Oreg.

2010)(summary judgment issued for Plaintiff when the Defendant communicated credit information to credit reporting agency which it knew or should have known to be false); Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836 (D.Ariz. 2011)(holding that bona fide error defense did not excuse debt collector's error in failing to report that debt was in dispute). Irvine v. I.C. Sys., Inc., 176 F.Supp.3d 1054, 1064 (D. Colo. 2016)(finding summary judgment for plaintiff on her § 1692e(8) claim appropriate where she alleged that defendant communicated the debt on plaintiff's account to CRAs, "but failed to communicate the material piece of information that the balance was disputed"); O'Fay v. Sessoms & Rogers, P.A., 2010 WL 9478988, at *8 (E.D.N.C. 2010)(granting plaintiff's motion for partial summary judgment on her § 1692e(8) claim, finding that "when [the debt collector] communicated with the [CRAs] about the disputed debt, it was required to convey that plaintiff disputed her debt to the [CRAs]," but that its "failure to do violated § 1692e(8), and the debt collector has not offered any evidence to rebut plaintiff's claim); Flores v. Portfolio Recovery Associates, LLC, 2017 WL 5891032 (N.D. Ill. 2017); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); Francisco v. Midland Funding, LLC, 2019 WL 498936 (N.D. Ill. 2019); Register v. Reiner, Reiner, & Bendett, 488 F.Supp.2d 143 (D. Conn. 2007); Bielawski v. Midland Funding, LLC, 2019 WL 4278042 (N.D. Ill. 2019);  Hall v. Southwest Credit Systems, LP, 2019 WL 1932759 (D. DC 2019)(denying debt collector's bona fide error defense that it could not locate the applicable account despite having the consumer's correct last name, last four of her social security number, among other pieces of information).

3.    The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

4.    The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

5.    The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

6.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1.   A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.   Actual damages under 15 U.S.C. § 1692k(a)(1).

3.  Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.  Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com